IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV321

| | |
|---|---|
| NIKI SCHMITT, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SSC STATESVILLE BRIAN CENTER )<br>OPERATING COMPANY LLC d/b/a )<br>THE BRIAN CENTER (STATESVILLE), )<br>)<br>Defendant. )<br>)<br>_____) | ORDER |

This matter is before the court upon Defendant SSC Statesville Brian Center Operating Company LLC's ("SSC Statesville") Motion to Stay and to Compel Arbitration, and Alternatively, to Dismiss pursuant to Rule 12(b)(1).

The Plaintiff, a former employee of the Defendant, originally filed this action in Mecklenburg County Superior Court, seeking recovery for wrongful termination and defamation. Defendant timely removed the case to this court. Defendant SSC Statesville operates a nursing facility in Statesville, North Carolina. The Plaintiff worked as a Certified Nursing Assistant at the facility from June 20, 2006 to November 13, 2006, when her employment was terminated. In her Amended Complaint, Plaintiff alleges that she was terminated for reporting patient abuse at the nursing facility.

When applying for employment at SSC Statesville, Plaintiff signed an Employment Dispute Resolution Agreement ("EDR Agreement") in which she agreed "to resolve all claims,"

1

including "claims for wrongful discharge . . . and claims under the law of . . . torts," through the EDR program. The EDR program requires employees to resolve any employment disputes through final and binding arbitration. Plaintiff also signed an EDR Acknowledgment in which she acknowledged having received a copy of the EDR Book and agreed that it was her responsibility to ask any questions about its contents. The EDR Book states that "[t]he application, interpretation and enforcement of the . . . Program is covered by the Federal Arbitration Act."

Defendant SSC Statesville contends that the EDR Agreement is enforceable under both the Federal Arbitration Act (the "FAA") and the North Carolina Revised Uniform Arbitration Act ("NCRUAA"). The FAA mandates the enforcement of arbitration agreements where such agreements (1) are part of a contract or transaction involving interstate commerce, and (2) are valid under general principles of contract law. See 9 U.S.C. § 2. Moreover, under the NCRUAA, "[a]n agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is valid, enforceable, and irrevocable except upon a ground that exists at law or in equity for revoking a contract." N.C.Gen. Stat. § 1-569.6 (2007).

It appears to the court that the arbitration agreement at issue is valid and enforceable under general principles of North Carolina contract law. The Plaintiff read and signed the unambiguous EDR Agreement, representing that she agreed to and understood its terms. Moreover, it appears to the court that the Plaintiff's employment relationship with the Defendant involved and affected interstate commerce. As a Certified Nursing Assistant, Plaintiff's primary duty was to assist in the medical care of SSC Statesville's residents. SSC Statesville provides

medical services and treatment to patients from other states, accepts payments from multi-state insurance carriers and receives products from out-of-state vendors. See Whitney v. Carolina Neurological Assocs., P.A., 2002 U.S. Dist. LEXIS 27686 (M.D.N.C., Feb. 6, 2002). It further appears to the court that the Plaintiff would not be prejudiced by enforcement of the EDR Agreement. This litigation is only in its beginning stages, and neither party has yet expended significant amounts of time or money.

The Amended Complaint contains causes of action for wrongful termination in violation of public policy and for defamation. The allegations in the first cause of action relate to the reasons for Plaintiff's termination and the allegations in the second cause of action relate to the impact of alleged statements made about the Plaintiff's termination by SSC Statesville to prospective employers. Accordingly, both causes of action relate to her employment and/or termination of employment and clearly fall within the scope of the arbitration agreement.

In her response in opposition to Defendant's motion, Plaintiff fails to address any of the arguments raised by the Defendant in support of its Motion to Compel. Instead, Plaintiff contends that the EDR Agreement *could be* unconscionable, and that she should be allowed to conduct discovery to determine whether, in fact, it is. She contends that the EDR Agreement lacks information about the cost and location of the arbitration, whether she would have been hired had she refused to enter into the Agreement, and whether her libel claim is precluded.

The party asserting that an agreement is unconscionable has the burden of proving that allegation. Rite Color Chem Co. v. Velvet Textile Co., 105 N.C.App. 14, 20, 411 S.E.2d 645, 649 (1992). Under North Carolina law, a court will find a contract to be unconscionable "only when the inequality of the bargain is so manifest as to shock the judgment of a person of

3

common sense, and where the terms are so oppressive that no reasonable person would make them on the one hand, and no honest and fair person would accept them on the other." Brenner v. Little Red Sch. House, Ltd., 302 N.C. 207, 213, 274 S.E.2d 206, 210 (1981). The party asserting unconscionability must prove both procedural and substantive unconscionability. Tillman v. Commercial Credit Loans, Inc., 362 N.C. 93, 102, 655 S.E.2d 362, 370 (2008). Procedural unconscionability involves "'bargaining naughtiness' in the form of unfair surprise, lack of meaningful choice, and an inequality of bargaining power." Id. Substantive unconscionability involves one-sided, oppressive contract terms. Id.

Plaintiff has not, and cannot, show that either type of unconscionability exists and no amount of discovery will remedy this fact. Plaintiff was made well aware of the terms of the EDR Agreement when she applied for the position with SSC Statesville. Plaintiff signed the EDR Agreement 19 days prior to beginning her employment. She signed an acknowledgment of receipt of the EDR Book on her first day of employment and continued to work under the EDR Agreement being fully aware of its terms. A review of the EDR Agreement reveals that its terms are fair and reasonable, not oppressive or one-sided. Moreover, contrary to Plaintiff's allegations in her response, the EDR Book, which was provided to the Plaintiff, does contain information about the cost and location of the arbitration.

The Plaintiff's clear, written and signed agreement with SSC Statesville to resolve employment-related disputes through binding arbitration fully satisfies the requirements of North Carolina law for enforceable arbitration agreements. Moreover, the EDR Agreement is valid under the requirements for compelling arbitration under the FAA. The Plaintiff has presented no evidence of unconscionability, despite having full access to the EDR Book, which explains all

the terms and characteristics of the EDR Agreement and Program.

Section 3 of the FAA requires the court to stay judicial proceedings where the issues presented are subject to arbitration under an agreement to arbitrate. See 9 U.S.C. § 3 (2007). Accordingly,

IT IS THEREFORE ORDERED that the Defendant's Motion to Compel Arbitration is hereby GRANTED and the court hereby directs the parties to proceed to arbitration;

IT IS FURTHER ORDERED that the Defendant's alternative Motion to Dismiss is hereby DENIED; and

IT IS FURTHER ORDERED that this matter is hereby STAYED pending arbitration.

Signed: April 8, 2008

Graham C. Mullen
United States District Judge